[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 5, 2005
THOMAS K. KAHN
CLERK

No. 05-11341
Non-Argument Calendar
_____

D. C. Docket No. 04-00076-CR-001-DF-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH DEANGELO STRONG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 5, 2005)

Before TJOFLAT, MARCUS  and WILSON, Circuit Judges.

PER CURIAM:

Joseph Deangelo Strong appeals his 108-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Strong pled guilty pursuant to a written plea agreement in which he waived his

right to appeal his sentence, with two exceptions: (1) to challenge an upward departure, and (2) to assert an ineffective-assistance-of-counsel claim. On appeal, Strong argues that the district court erred when, relying upon his significant criminal history, it departed upward from the Sentencing Guidelines range of 70-87 months, pursuant to U.S.S.G. § 4A1.3, and imposed a 108-month term. Strong urges that because most of his criminal history was based upon his juvenile record, the Guidelines range was adequate.[1] After careful review, we affirm.

After United States v. Booker, 543 U.S. ---, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), a sentencing court still must properly calculate the Guidelines range, but then may impose a more severe or more lenient sentence, as long as the sentence is reasonable. See United States v. Jordi, 418 F.3d 1212, 1215 (11th Cir. 2005) (citations omitted), petition for cert. filed, No. 05-7380 (Oct. 31, 2005). In reviewing a post-Booker departure sentence, we continue to be guided by the 18 U.S.C. § 3553 factors in determining the reasonableness of a departure sentence. See United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). These

---

[1]Strong also challenges the district court's computation of his criminal history category, which included an assessment of two criminal history points for a prior aggravated battery conviction, resulting in a criminal history category of V. This argument does not fall into one of the exceptions to the appeal-waiver provision. We have consistently held that appeal waivers are valid if knowingly and voluntarily entered. United States v. Rubbo, 396 F.3d 1330, 1331 (11th Cir. 2005). Strong does not argue that his appeal waiver was not knowing or voluntary. Accordingly, we will enforce the waiver provision and dismiss the appeal as to this issue.

factors include (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, (4) the need to protect the public, and (5) the guideline range. See 18 U.S.C. § 3553(a).

From our review, it is clear the district court properly determined the Guidelines range and then sentenced Strong above that range, but still, of course, below the statutory maximum of ten years. The district court stated that it had considered Strong's history and characteristics, including his "extraordinary" criminal history and the fact that most of those crimes were committed at a young age, as well as the seriousness of the offense and the need to protect the public. Because the court properly calculated the Guidelines range, thus satisfying Booker's consultation requirement, and then detailed why, based on its consideration of the § 3553 factors, an upward departure was warranted, the resulting sentence was reasonable. Cf. Winingear, 422 F.3d at 1245-46 (2005) (concluding sentence was reasonable in light of correctly calculated Guidelines

range and consideration of the other factors outlined in § 3553(a)).[2] Accordingly,

we affirm his sentence.

**AFFIRMED IN PART, DISMISSED IN PART.**

---

[2] We are unpersuaded by Strong's argument, for which he cites no supporting caselaw, that the district court's upward departure, based, in part, on a criminal history that was composed primarily of juvenile convictions, rendered his sentence unreasonable.